ON REHEARING
PER CURIAM.
We grant rehearing, withdraw our previous opinion, and now reverse appellant’s conviction and direct a new trial because of the trial court’s erroneous refusal to sever the trial of appellant from that of his code-fendant.
It was error under prevailing law to admit both defendants’ statements in a joint trial, where each defendant’s confession pointed the finger at the other; both denied in their statements participation in the robbery aspect of the case; and neither defendant testified at trial. Cruz v. New York, 481 U.S. 186, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987); and Roundtree v. State, 546 So.2d 1042 (Fla.1989). See also Williams v. State, 608 So.2d 864 (Fla. 4th DCA) (opinion issued this date). We also conclude that the error was not harmless, in view of the undisputed evidence of the codefendant’s prior encounter with the victim, and appellant’s explanation that he was acting in response to the codefendant’s statement that the victim had taken something from the codefendant. Under these circumstances we cannot conclude that there is no reasonable possibility that the error made a difference in the outcome of the case. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
ANSTEAD, HERSEY, JJ., and OWEN, WILLIAM C., JR., Senior Judge, concur.